1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME CEASAR ALVERTO,<br><br>                    Petitioner,<br><br>         v.<br><br>MICHAEL OBENLAND,<br><br>                    Respondent. | CASE NO. C13-5490 RJB-KLS<br><br>ORDER GRANTING PETITIONER'S MOTION TO CONTINUE THE STAY IN THIS ACTION |

      This is a federal habeas action filed under 28 U.S.C. § 2254.  The District Court referred the petition to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Before the Court is petitioner's motion to continue to stay this action while he exhausts issues in state court.  Dkt. 34.

PROCEDURAL HISTORY AND FACTS

      The undersigned stayed this action on August 19, 2013, so that petitioner could exhaust two issues he raised in a Personal Restraint Petition that was pending before the Washington

State Court of Appeals under cause number 44098-9-II. Dkt. 22. At the time of the stay respondent agreed that staying the case was the proper course of action. Dkt. 19.

In the order staying the case the undersigned required the petitioner to inform the Court within thirty days of the Washington State Court of Appeals reaching a final ruling on his Personal Restraint Petition. Dkt. 22, p. 2. Petitioner later asked the Court to continue the stay so that he could exhaust additional motions he had filed in state court. Dkt. 23. Petitioner's additional motions involved a motion for a new trial based on newly discovered evidence, an affidavit from another inmate stating that another person confessed to committing the crime. Dkt. 23. Respondent did not oppose the motion. Dkt. 24. The undersigned continued to stay this petition. Dkt. 25.

On March 3, 2014, the undersigned advised the petitioner that the current stay would be dissolved on April 25, 2014 unless he filed an appropriate motion to continue the stay and provide information on the status of his state court proceedings. Dkt. 27. Petitioner responded stating that he had filed a motion for a new trial in Superior Court, but the motion was improperly transferred to the Washington State Court of Appeals. Dkt. 28. According to petitioner the Washington State Court of Appeals eventually remanded his motion for a new trial to Superior Court. Dkt. 28. Based on this information the undersigned again extended the stay in this action. Dkt. 29.

Petitioner requested another continuation of the stay in July of 2014. Petitioner stated he was still addressing motions he filed in Superior Court that were improperly being sent to the Washington State Court of Appeals as a Personal Restraint Petition. Dkt. 30. This was under Court of Appeals cause number 46092-1-II. The undersigned granted his unopposed motion.

Dkt. 31. The Court notes, however, that on July 7, 2014 the Court of Appeals granted Petitioner's motion to withdraw his Personal Restraint Petition. Dkt. 30, p 5.

In November of 2014, petitioner requested another stay of these proceedings. Dkt. 34. The undersigned requested a response, noting that petitioner did not address the original reason for the stay, which was the personal restraint petition filed under No. 44098-9-II. Dkt. 35. The Court requested input from respondent on whether a continuation of the stay would be proper. *Id*. The Court's order gave petitioner a chance to file a reply of no more than five pages. Dkt. 35. Petitioner did not wait for a response and filed a separate motion and affidavit clarifying his actions and his state court filings. Dkt. 36.

Petitioner outlined his various attempts at filing Personal Restraint Petitions and motions in state court. Dkt. 36. He includes allegations that mail he sent to the Washington State Court of Appeals did not arrive, causing him further delays in filing. Dkt. 36 at p. 8-10. According to petitioner, the end result of his filings is that he has a new Personal Restraint Petition in the Washington State Court of Appeals under cause number No. 46674-1-II and that action is stayed pending resolution of proceedings currently before the Superior Court. Dkt. 36, p. 10, ¶ 35. Further, petitioner states that the Superior Court has granted his motion for post trial testing of DNA evidence "Hair." Dkt. 36, p. 10, ¶ 40. Petitioner is still waiting for results on the DNA testing. Petitioner maintains that he is innocent of the crime he has been convicted of committing. *Id.*

Respondent opposes continuing the stay arguing that "[p]etitioner attempts to continue to manipulate the proceedings by filing multiple additional actions in state courts during the time period this Court granted him." Dkt. 37. Respondent also advised the court that the Personal Restraint Petition filed in the Court of Appeals under cause number 44098-9-II was denied and

ORDER GRANTING PETITIONER'S MOTION TO
CONTINUE THE STAY IN THIS ACTION - 3

the State Supreme Court denied Petitioner's Petition for review in February 2014. In addition the only pending matters now before the Court of Appeals is under cause number 46674-1-II which was filed in September 2014. Respondent also argues that petitioner is attempting to indefinitely stay his habeas proceedings. Dkt. 37.

## DISCUSSION

A district court has discretion to enter a stay in a habeas proceeding, but it should not grant a stay if petitioner engages in abusive litigation tactics or intentional delay. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Conversely, it is an abuse of discretion to deny a stay if petitioner has good cause for his failure to exhaust, his claims have merit, and there is no indication of intentional dely. *Id.* at 278.

Petitioner's claims may have merit as evidenced by the Superior Court granting him a motion for post conviction DNA testing. Dkt. 36. Further, the Washington State Court of Appeals has stayed a Personal Restraint Petition "pending resolution of proceedings currently before the Superior Court." Dkt 36, p. 10, ¶ 36.

There has certainly been delay in getting to this point, but the undersigned is not convinced that this delay is abusive or entirely attributable to petitioner. The Court is aware of its obligation not to indefinitely stay an action, but at the same time, petitioner should be given a chance to exhaust an issue that may have merit.

Accordingly the undersigned **ORDERS:**

1. The stay in this action is continued until July 31, 2015.

2. Petitioner must inform the Court, within thirty days of his receiving DNA test results, what the results were and what action if any, the Superior Court has taken.

3. Petitioner must, within thirty days, inform the Court, when the Washington State Court of Appeals lifts the stay in cause number No. 46674-1-II.

4. If in July, petitioner finds that he needs additional time he must submit another motion on or before July 17, 2015. Petitioner must attach a copy of any court orders he relies on as a basis for his request to continue the stay.

5. The Clerk's office is instructed to remove Dkt. 34 and 36 from the docket and send petitioner a copy of this order.

Dated this 9th day of February, 2015.

Karen L. Strombom
United States Magistrate Judge