UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME CEASAR ALVERTO,<br><br>                Petitioner,<br><br>    v.<br><br>MIKE OBENLAND,<br><br>                Respondent. | CASE NO. 3:13-CV-05490-RJB-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 27, 2019 |

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Presently pending before the Court is Petitioner Jerome Ceasar Alverto's "Motion for Relief from Judgment or Order (FRCP 60)" ("Motion"). Dkt. 81. The Court has reviewed the Motion and the relevant record and finds Petitioner has not shown he is entitled to relief from judgment in this case. Therefore, the undersigned recommends the Motion (Dkt. 81) be denied.

**I.    Background**

Petitioner filed his federal habeas Petition, seeking relief from his state court convictions and sentence, on June 19, 2013. *See* Dkt. 1. The Court directed service of the Petition on July 15,

1  2013. Dkt. 11. Approximately one month later, on August 12, 2013, Petitioner moved to stay the

2  proceedings while he exhausted two grounds in the state courts. Dkt. 18. The Court stayed the

3  entire case pending the resolution of the state court proceedings. Dkt. 22. The Court continued

4  the stay several times, over several years. *See* Dkt. 25 (extending the stay in October 2013); Dkt.

5  29 (extending the stay through August 2014); Dkt. 31 (extending the stay through January 2015);

6  Dkt. 40 (extending the stay through July 2015); Dkt. 49 (extending the stay through November

7  2015). On December 15, 2015, the Court continued the stay and directed the parties to file status

8  updates every 90 days. Dkt. 55. The parties filed status reports throughout 2016 and, on May 26,

9  2017, Petitioner filed his last status report, stating his state court proceedings were still pending.

10 Dkt. 57-63, 65, 67, 69, 70, 72.

11       On August 4, 2017, Petitioner filed a Motion to Lift the Stay and to Withdraw the Writ

12 of Habeas Corpus without Prejudice and without Cost ("Motion to Dismiss"). Dkt. 73. Petitioner

13 requested he be allowed to dismiss his Petition without prejudice because he had discovered

14 additional due process violations and needed to exhaust the new claims before pursuing an actual

15 innocence claim in this Court. *Id*. Respondent, who had not yet filed an Answer, did not object to

16 the Motion to Dismiss. Dkt. 74. On August 25, 2017, the undersigned recommended the Motion

17 to Dismiss be granted pursuant to Federal Rule of Civil Procedure 41(a) and the Petition be

18 dismissed without prejudice. Dkt. 76. The Honorable Robert J. Bryan, the District Judge

19 assigned to this case, adopted the Report and Recommendation and dismissed the Petition

20 without prejudice. Dkt. 79. Judgment was entered on September 18, 2017. Dkt. 80.

21       On August 1, 2019, more than one year and ten months after the Judgment was entered,

22 Petitioner filed the pending Motion seeking relief from the Judgment under Federal Rule of Civil

23

24

REPORT AND RECOMMENDATION - 2

Procedure 60. Dkt. 81. Respondent filed a Response to the Motion on August 12, 2019. Dkt. 83. Plaintiff filed a Reply on August 16, 2019. Dkt. 87; *see also* Dkt. 85, 86.

**II.     Discussion**

Federal Rule of Civil Procedure 60(b) grants district courts discretion to relieve a party from a judgment or order only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, in his Reply, Petitioner states he is moving for relief under Rule 60(b)(6). Dkt. 87. To be entitled to relief under Rule 60(b)(6), Petitioner must show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "Although such circumstances occur rarely in the habeas context, Rule 60(b)(6) can and should be 'used sparingly as an equitable remedy to prevent manifest injustice.'" *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). In applying Rule 60(b) in habeas cases, the Ninth Circuit has considered the following six factors:

> (1) a showing of extraordinary circumstances, such as a change in intervening law; (2) the petitioner's exercise of diligence in pursuing the issue during federal habeas proceedings; (3) interest in finality; (4) delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) degree of connection between the extraordinary circumstance and the decision for which reconsideration is sought; and (6) comity.

1  *Hall*, 861 F.3d at 987 (citing *Phelps v. Alameida*, 569 F.3d 1120, 1135-40 (9th Cir. 2009).

2  However, the factors are not a "rigid or exhaustive checklist." *Phelps*, 569 F.3d at 1135.

3        In this case, Petitioner moved to voluntarily dismiss his Petition, which was granted. Dkt.

4  73, 76, 79. The Petition was dismissed without prejudice on September 18, 2017. Dkt. 79. On

5  March 21, 2019, Petitioner filed a new federal habeas petition ("second case"). *Alverto v.*

6  *Obenland*, 3:19-cv-5212-RJB-DWC (W.D. Wash.). The respondent in the second case filed an

7  answer, alleging the second case should be dismissed as time-barred. *See id*. at Dkt. 22.

8  Petitioner now moves this Court to vacate the Judgment in the above-captioned case because the

9  Petition is a mixed-petition and the Court was required to give him notice that dismissal would

10 result in his federal claims being time-barred. Dkt. 81. Petitioner states that, if he had known his

11 claims would be time-barred when attempting to file a new case, he would have requested the

12 Court continue the stay in this case. Dkt. 82.

13       Petitioner has not shown he is entitled to relief under Rule 60(b). The Supreme Court has

14 held "federal district judges are not required to" warn *pro se* litigants that dismissal of a mixed-

15 petition would result in federal claims being time-barred. *Pliler v. Ford*, 542 U.S. 225, 231

16 (2004). "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Id*.

17 The Supreme Court found district judges are not required to give warnings regarding the statute

18 of limitations as it undermines the judges' role as impartial decisionmakers and would require

19 the judges to make case-specific investigations and calculations, wherein they might err. *Id*. at

20 231-33.

21       The Court had no duty to warn Petitioner regarding the timeliness of his claims.

22 Therefore, Petitioner has not shown the Court's failure to warn him regarding any time-bar when

23 he voluntarily dismissed this case is an extraordinary circumstance warranting relief from the

24

Judgment. *Amesquita v. Hickman*, 2017 WL 2654726, at *1 (E.D. Cal. June 20, 2017) (noting that "[a]lthough Petitioner had voluntarily dismissed his prior, timely filed petition, the Court has no obligation to inform Petitioner of the consequences of such action"); *Wilcher v. Epps*, 203 F. App'x 559, 562 (5th Cir. 2006) (finding no abuse of discretion where the district found the petitioner "failed to demonstrate that a motion to withdraw a voluntarily dismissed habeas petition qualified as an 'extraordinary circumstance' meriting relief under Rule 60(b)(6)"); *Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC*, 2016 WL 6952248, at *5 (S.D.N.Y. Nov. 28, 2016) (internal quotations and citation omitted) ("Just as ignorance of the law or other rules of the court does not constitute a basis for relief under Rule 60(b)(1), . . . failure to understand the consequences of a voluntary dismissal without prejudice does not justify relief under the more rigorous standards of Rule 60(b)(6).").

### III.   Conclusion

For the above stated reasons, the Court recommends the Motion (Dkt. 81) be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 27, 2019, as noted in the caption.

Dated this 10th day of September, 2019.

David W. Christel
United States Magistrate Judge